

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,287-01

**EX PARTE PAUL EDWARD JOHNSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 20150D05061-41-1 IN THE 41ST DISTRICT COURT
## FROM EL PASO COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder (Count I) and aggravated assault with a deadly weapon (Count II). He was sentenced to forty years' imprisonment for Count I and ten years' imprisonment for Count II, to run concurrently. Applicant's confinement for Count II was suspended, and he was placed on community supervision for ten years. The Court of Appeals affirmed his convictions. *Johnson v. State*, No. 08-17-00156-CR (Tex. App.—El Paso Aug. 9, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective and that the State withheld both impeachment and exculpatory evidence. Applicant has alleged facts that, if true,

might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963). There is no response from counsel in the habeas record or findings from the trial court. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make specific findings addressing Applicant's *Brady v. Maryland* claim. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish